# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID MEYERS,** | : | Civil No. 1:13-CV-1630 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| **DONNA TICKEFOOSE, U.S.P.** | : | |
| **ALLENWOOD, et al.,** | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This *pro se* prisoner habeas corpus petition comes before us in an unusual posture. The petitioner, David Meyers, is not a prisoner housed in this district. He is currently held in the Riverside Regional Jail in Hopewell Virginia. Yet, Meyers files a habeas corpus petition in this district, where he is not incarcerated, and names as respondents prison officials who have no control over his current custody. Specifically, Meyers' petition raises concerns about his past sentence calculations and

credits, and names the United States Penitentiary at Allenwood as the respondent, despite the fact that he acknowledges that he is not housed at this facility.

This he may not do. Accordingly, for the reasons set forth below, we will grant Meyers' motion for leave to proceed *in forma pauperis*, but recommend that his petition be DISMISSED.

**II.     Discussion**

**A.     This Federal Habeas Corpus Petition Is Brought in the Wrong Court**

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Here it plainly appears from the petition that summary dismissal of this habeas petition is appropriate for at least two reasons.

First, the petitioner's choice of respondent is improper. As the Supreme Court has observed: "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242; see also § 2243 ('The writ, or order to show cause shall be directed to the person having custody of the person detained'). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Since prison officials in Allenwood do not have custody over Meyers they are not proper party-respondents in this matter and should be dismissed.

Beyond naming an improper respondent, this petition is also filed in the wrong court. David Meyers is currently incarcerated in Virginia, yet brings this habeas corpus petition in federal court in Pennsylvania. In Rumsfeld v. Padilla, 542 U.S. 426, (2004), the Supreme Court spoke squarely to this issue of the proper venue for filing a federal habeas corpus petition when the Court observed that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one

district; the district of confinement." Id. at 442. This basic principle is also enshrined in the federal habeas statute itself, 28 U.S.C. § 2241(a), which plainly states that the power to issue writs of habeas corpus only extends to federal courts "within their respective jurisdictions." Thus, it is an essential prerequisite to entertaining a federal habeas petition that the district court must have personal jurisdiction over the petitioner's custodian who must be located within the territorial confines of the judicial district where the habeas petition is filed. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973). Since we do not have personal jurisdiction over Meyers or his jailer, we lack jurisdiction to entertain this petition.

Finally, we note that this petition, which seems to challenge a sentence credit calculation relating to a sentence that Meyers has completed, may now be moot. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

> There is a constitutional dimension to the mootness doctrine.
>
> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of

a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (citing Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241 (1937). The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. Lewis, 494 U.S. at 477-478. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477). Incarceration satisfies the case or controversy requirement; it is a concrete injury caused by a conviction and is likely to be redressed by invalidation of the conviction. Id. Once a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue. Id.

Burkey v. Marberry, 556 F.3d 142, 147 (3d. Cir. 2009)(dismissing habeas petition as moot).

In the context of habeas corpus petitions mootness questions, therefore, often turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the

5

plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477 (citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005).

Applying this principle, courts have typically dismissed habeas petitions as moot where it is shown that the prisoner-petitioner has been released from the sentence which he is challenging, reasoning that when that sentence has been fully discharged a habeas petition attacking the sentence is no longer subject to redress in the courts. See, e.g., Marine v. Quintana, 347 F. App'x 736 (3d Cir. 2009); Scott v. Schuylkill, FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008); Williams v. Sherman, 214 F. App'x 264 (3d Cir. 2007); Razzoli v. FCI Allenwood, 200 F. App'x 166 (3d Cir. 2006).

While Meyers may yet face this substantial hurdle to habeas corpus relief, we believe that any final judgments concerning whether this petition presents a live, justiciable controversy should await the filing of a proper petition in the district of Meyers' incarceration, a venue where these issues can be assessed in a fully-informed fashion.

### III. Recommendation

Accordingly, for the foregoing reasons, while we will GRANT Meyers' motion for leave to proceed *in forma pauperis*, (Doc. 2.), IT IS RECOMMENDED that the plaintiff's petition be DISMISSED without prejudice to Meyers filing a proper

petition in the district where he is held, naming his jailer, the appropriate respondent in a habeas corpus petition.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of August 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge