IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MEYERS,               :      1:13-cv-1630
                                        :
          Petitioner,       :
                                          :      Hon. John E. Jones III
          v.                    :
                                          :      Hon. Martin C. Carlson
DONNA TICKEFOOSE, U.S.P.  :
ALLENWOOD, et al.,        :
                                          :
          Respondents.    :

## MEMORANDUM

### August 29, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 5), filed on August 8,

2013. Magistrate Judge Carlson recommends *pro se* Petitioner David Meyers'

("Petitioner" or "Meyers") petition for writ of habeas corpus (Doc. 1) be dismissed.

On August 19, 2013, Petitioner filed his self-styled "Objection to Magistrate Judge

Carlson Recommendation To Dismiss Action And Request Subpoena Duces

Tecum Of Security Classification Level And For Respondent To Enter A

Reduction For Academic And Treatment Programs Completed So Supervised

Release Revocation Sentence Will Not Allow Donna Zickefoose And USP

1

Allenwood To Unlawfully Detain Petitioner," which this court will consider to be Petitioner's objections to the R&R. (Doc. 6). For the reasons set forth below, the Court will adopt the R&R in its entirety.

## I.     STANDARD OF REVIEW

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.     DISCUSSION

At issue in the habeas corpus matter are Petitioner's concerns related to his sentence calculation. For the reasons that follow, we agree with Magistrate Judge Carlson that the issues asserted by Petitioner are precluded from review.

First, the instant petition must fail because Petitioner's choice of respondents is incorrect. Petitioner is currently incarcerated at the Riverside Regional Jail in Hopewell, Virginia. However, Petitioner has named as respondents in this action prison officials from the United States Penitentiary at Allenwood, as well as the prison itself. As correctly noted by the Magistrate Judge, because the respondents as named have no control over the Petitioner's current custody, they are not proper party-respondents. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

Further, Petitioner has filed this action in the Middle District of Pennsylvania while he is currently incarcerated in Virginia. It is well established that jurisdiction for habeas petitions challenging present confinement lies only in the "district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Thus, as explained by Magistrate Judge Carlson, Petitioner is not incarcerated within the jurisdiction of this court and accordingly, we cannot entertain his petition.

Finally, Petitioner appears to challenge a sentence credit calculation for a sentence which Petitioner has already completed. As the sentence has been completed, the matter is moot. *Scott v. Holt*, 297 F.App'x 154, 155 (3d Cir. 2008).

Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  An appropriate Order shall issue.